### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:10-CR-11 (WLS) |
| | : | 7:11-CR-41 (WLS) |
| IMAD ATA SIHWAIL, | : | 7:11-CR-42 (WLS) |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is the Government's Motion to Restrict Access to Exhibit to Case Participants ("Motion to Seal") (Docs. 140, 50 & 47). Therein, the Government moves the Court to restrict access to Exhibit 1, which is referenced in the Government's Response (Docs. 139, 49 & 46) to Defendant's recently filed Motion for Compassionate Release, to case participants only. The Government explains that Exhibit 1 contains Defendant's medical records from the Bureau of Prisons, and that due to the sensitive nature of the records and other privacy concerns, restricting access to Exhibit 1 is necessary. The Court agrees.

Upon review, the Court finds good cause exists to permit Exhibit 1 to the Government's Response to be filed under seal. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.").

Accordingly, the Government's Motion to Seal (Docs. 140, 50 & 47) is **GRANTED**. The Government shall file its exhibit, and the Clerk of Court is **DIRECTED** to docket such exhibit under seal to be made available only to the Parties' Counsel, the United States Probation Office, and the Court. The same shall remain sealed until further order of the Court.

**SO ORDERED**, this 17th day of July 2025.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**