**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:10-CR-11 (WLS) |
| | : | 7:11-CR-41 (WLS) |
| IMAD ATA SIHWAIL, | : | 7:11-CR-42 (WLS) |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is Defendant Imad Sihwail's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 138), filed on June 12, 2025. Therein, Defendant moves the Court for compassionate release due to his current medical conditions. For the reasons set forth below, Defendant's Motion is **GRANTED**.

I.    **BACKGROUND**

Sihwail was originally indicted on two counts on June 9, 2010. (Doc. 1). He ultimately pleaded guilty to Count One of the Indictment, Bank Robbery by Force or Violence in Case Number 7:10-CR-11. (Doc. 55). Sihwail also pleaded guilty to two additional bank robbery cases from the District of South Carolina (7:11-CR-41) and the Southern District of Georgia (7:11-CR-42). (*Id*). The late Honorable Hugh Lawson sentenced Sihwail to 115 months' imprisonment as to Count One (7:10-CR-11) and 115 months as to the other two counts in the remaining cases (7:11-CR-41 and 7:11-CR-42), to run consecutive, for a total sentence of 230 months' imprisonment.

Sihwail has served over 180 months of his sentence and has a projected release date of July 7, 2026. (Doc. 138 at 3). Sihwail filed the instant Motion (Doc. 138) on June 12, 2025. The Government filed a Response (Doc. 139) on July 3, 2025. Since the Motion was filed, Sihwail was released from the Bureau of Prisons to the halfway house, Orlando RRM, in Orlando, Florida. (Doc. 143 at ¶ 5). On October 7, 2025, Sihwail was admitted to the emergency room due to swelling in his leg and chest pain, where he remained hospitalized for three days. (*Id.* ¶ 6). Sihwail was hospitalized again in early November, due to an infection in his stomach. (*Id.* ¶ 7). While he is currently undergoing treatment for this infection, Sihwail

1

was notified by his case manager at Orlando RRM that "they are not able to handle his medical issues and are considering sending him back to the Bureau of Prisons." (*Id.*) Additionally, Sihwail filed a Status Report (Doc. 143) on November 4, 2025, notifying the Court that counsel for the Government recently informed his counsel that the Government does not oppose his release. (Doc. 143 ¶ 9).

## II.    MOTION FOR COMPASSIONATE RELEASE

Sihwail moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 138 at 1). Generally, the Court may not modify a term of imprisonment. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Even so, the Court may reduce a sentence if it finds "extraordinary and compelling reasons" to do so. § 3582(c)(1)(A)(i). This requires the defendant to satisfy one of the Sentencing Guidelines' enumerated grounds for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1263–64 (11th Cir. 2021) (citing U.S.S.G. § 1B1.13(b)), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023).

Sihwail asserts two grounds for compassionate release: (1) medical circumstances, and (2) other reasons. (*See* Doc. 138 at 1). Because the Court finds that Sihwail qualifies for a sentence reduction due to medical circumstances, the Court does not address his "other reason" arguments.

### A.    Medical Circumstances

Sihwail first argues that his medical conditions justify compassionate release on two different grounds. (Doc. 138 at 8, 10–11.) Sihwail might qualify for a sentence reduction on the first ground if he suffers "from a serious physical . . . condition . . . that substantially diminishes [his] ability . . . to . . . self-care within the [prison] environment . . . from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). According to Sihwail, his diagnoses of pericarditis and pericardial effusion amount to such a serious physical condition. (*See* Doc. 138 at 8). While he is currently suffering from these conditions, Sihwail fails to show how they prevent him from caring for himself in the prison environment. Sihwail contends only that complications from past surgeries "mak[e] it difficult to handle day-to-day activities." (*Id.*) As noted by the Government in its Response, Sihwail's most recent medical records demonstrate that he is currently able to provide self-care. (*See* Doc. 139 at 4; Doc. 142 at 1, 6, 14).

Sihwail may still qualify for a sentence reduction on the second ground asserted if he suffers "from a medical condition that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration . . . or death." U.S.S.G. § 1B1.13(b)(1)(C). Sihwail contends that his pericarditis and pericardial effusion are conditions that require specialized medical care, which is not being provided to him. (Doc. 138 at 8). Sihwail's records document an extensive history of complications that arose during his surgeries in June of 2024 and that persist today, including a chest wall hernia at his surgical incision site that medical records indicate "has since been worsening." (Doc. 142 at 46). And there is a possibility that these ongoing complications may necessitate additional surgery in the future. (*Id.* at 36); (Doc. 138 at 11). The Court agrees that Sihwail's pericarditis and pericardial effusion are serious medical conditions that require specialized medical care. It is somewhat unclear from the Motion and accompanying exhibits whether Sihwail is able to receive the necessary specialized medical care within the Bureau of Prisons, but his continued complaints of pain and unresolved complications from the surgery suggest that he is not. As such, the Court finds that Sihwail has shown the requirements of U.S.S.G. § 1B1.13(b)(1)(C) and therefore established extraordinary and compelling reasons warranting a sentence reduction.

### B. Consideration of 18 U.S.C. § 3553(a) factors

Because the Court has found a showing of extraordinary and compelling reasons, the Court next considers whether the sentencing factors at 18 U.S.C. § 3553(a) warrant a reduction. The Court concludes that the § 3553(a) factors weigh in favor of a sentence reduction for several reasons. First, considering the seriousness of the offense in this case and the need to promote respect for the law and to provide just punishment, the Court's decision to run Sihwail's sentences consecutively was intended to punish Sihwail for his conduct. Sihwail has been in custody for more than fifteen years, having served nearly 78 percent of his sentence. (*See* Doc. 139 at 6). Second, the evidence shows that Sihwail has taken significant steps toward rehabilitation during his incarceration by participating in various programs and treatment groups. (*See* Doc. 138-3). *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (noting that a defendant's conduct post-sentencing "provides the most up-to date picture of [a defendant's] 'history and characteristics'" (quoting § 3553(a)(1))). Third, Sihwail does not appear to pose a threat of danger to the community. Sihwail's present age, rehabilitation during

his incarceration, and his mild disciplinary record support his contention that he is ready and willing to become a productive and functioning member of society. (Doc. 138 at 14–15). Fourth, Sihwail has demonstrated an acceptance of responsibility for his conduct. (*Id.* at 14). Finally, based on the information stated in the Status Report (Doc. 143), it is apparent that Sihwail's health continues to decline and deteriorate and that his medical issues are more than the halfway house at Orlando RRM can accommodate. Sending Sihwail back to the Bureau of Prisons places him at further risk of decline, for the reasons noted above. Additionally, Sihwail "has a solid release plan in place and family support waiting for him to help him receive the surgeries and medical treatment he needs." (Doc. 143 ¶ 8). In sum, the Court finds that the § 3553(a) factors weight in favor of a sentence reduction.

## III.  CONCLUSION

For the foregoing reasons, Sihwail's Motion for Compassionate Release (Doc. 138) is **GRANTED**. After careful and complete review of the Motion, the Government's Response, and the Record in this case, the applicable factors at 18 U.S.C. § 3553(a), and the policy statements at U.S.S.G. § 1B1.13, the Court concludes that extraordinary and compelling reasons warrant Sihwail's release. The Court's findings, conclusions, and ruling shall take effect upon the filing of this Order.

**SO ORDERED**, this 7th day of November 2025.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**